AO 91 (Rev. 08/09) Criminal Complaint

FILED by _____ D.C.

APR 17 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| v. | ) |
| ERIC ROCA, | ) Case No. 14-8165-DCB |
| | ) |
| | ) |
| | ) |
| Defendant(s) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   February 14 to March 17, 2014   in the county of   Palm Beach   in the Southern District of Florida, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21 United States Code, Sections 841(a)(1) and 846 | Conspiracy to possess with intent to distribute more than 5 kilograms of cocaine |

This criminal complaint is based on these facts:
See attached affidavit

☒ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Devon M. Robinson, DEA
Printed name and title

Sworn to before me and signed in my presence.

Date: 4-17-14

_____
Judge's signature

City and state:   West Palm Beach, Florida

U.S. Magistrate Judge Dave Lee Brannon
Printed name and title

## UNITED STATES v. ERIC ROCA
## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Devon M. Robinson, being duly sworn, depose and state as follows:

1. I am a Special Agent (SA) with the Drug Enforcement Administration (DEA) United States Department of Justice, currently assigned to the Miami, Florida, Field Division. I have been employed with the DEA since June 2008. I have attended a 14 week Basic Intelligence Research Specialist Training School at the DEA Training Academy in Quantico, Virginia. In August 2010, I attended Basic Agent Training School at the DEA Training Academy in Quantico, Virginia, which included an intensive program on drug identification and methods of drug trafficking, packaging and distribution. I have been involved in numerous investigations involving the distribution of controlled substances. I am currently assigned to the DEA West Palm Beach District Office, Group Two, and am assigned to investigations dealing with all aspects of importation, manufacturing, and distribution of illegal drugs, including cocaine and "crack" cocaine.

2. I submit that there is probable cause to believe that from on or about February 14, 2014 to on or about March 17, 2014, Eric ROCA did knowingly and willfully conspire to distribute, and to possess with intent to distribute over 5 kilograms of cocaine, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A)(ii).

3. This affidavit is based upon my personal knowledge, review of reports, and information obtained from other law enforcement officials and civilians with knowledge of the events and evidence described herein. Because

1

this affidavit is being prepared for the limited purpose of establishing probable cause, it does not purport to include every fact known by me about this investigation.

4. In or around January 2013, agents began investigating the drug trafficking activities of Adam Vasquez and others, which culminated in the indictment of Vasquez and numerous co-defendants in federal case number 13-80192-CR-HURLEY, for conspiracy to possess with intent to distribute cocaine, cocaine base, and oxycodone. Following arrests in that case in October 2013, a confidential source (CS1) contacted law enforcement to cooperate. CS1 had occasionally supplied cocaine to Vasquez, and was concerned that s/he had become a target of law enforcement. As a result of CS1's cooperation, law enforcement became aware of the details of the drug trafficking organization of Joel VALDES, who had several distributors of kilogram quantities of cocaine, including Rogelio RAMOS. CS1 further advised that VALDES used a driver who made regular trips to McAllen, Texas, to pick up kilograms of cocaine from VALDES's supplier.

8. On or about February 14, 2014, agents conducting surveillance observed VALDES's known driver arrive at RAMOS's home, where the driver dropped off a large bag with RAMOS. Agents knew that the driver had recently returned from Texas, based on Sunpass records and surveillance. Based on this information and the investigation to date, agents believed that the driver dropped off cocaine for RAMOS. Agents also knew through a source of information that

ROCA had been in touch with RAMOS that day, and had asked for cocaine using coded language.

9. The next day, RAMOS arranged to meet ROCA. At approximately 5:00 p.m. on February 15, 2014, agents saw RAMOS arrive at ROCA's place of business, Jose R Auto, located at 1930 South Military Trail in West Palm Beach, and meet with ROCA in the parking area. After a short conversation, ROCA motioned for an employee to remove an unknown object from the rear driver's side of RAMOS's vehicle, and take the object into the garage out of surveillance's view. ROCA then entered the garage and RAMOS moved his vehicle to the west side of the business, then entered the office out of surveillance's view. RAMOS remained inside for approximately 5 minutes, then exited, entered his vehicle, and left. ROCA exited the office shortly thereafter and placed an unknown object in the back seat of his car, and then re-entered the business. Following the delivery to ROCA, RAMOS sold approximately 129 grams of cocaine to an apprehended customer. Based on my training and experience, the short nature of the visit and delivery to ROCA, and RAMOS's subsequent sale to another individual, I believe that RAMOS dropped off cocaine for ROCA.

10. On March 17, 2014, law enforcement executed a search warrant at Jose R Auto, ROCA's business. ROCA was not present. Inside a back room where agents found ROCA's personal effects such as photographs and mail, law enforcement found the following, amongst other items, in a filing cabinet: small baggies, a scale, razor blades, a vacuum sealer, approximately 364 grams of cocaine, packaged in approximately ounce sized bags for sale, and United

States currency. Agents found a money counter on top of the filing cabinet, a Kahr Arms .9 mm handgun in a box on a shelf in the same room, and matching ammunition in another box. Agents also found numerous heavy plastic packaging materials that had been wrapped around brick like shapes, which still had cocaine residue on them, in a cooler in the room and bag in the room. Based on training and experience, the investigation to date, and the size of the bags, agents believed that the plastic packaging had been wrapped around kilogram sized bricks of cocaine.

Based on the foregoing, I submit that there is probable cause to believe that from on or about February 14, 2014 to on or about March 17, 2014, Eric ROCA conspired to distribute, and to possess with intent to distribute, 5 kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A)(ii).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
DEVON M. ROBINSON
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

SWORN TO AND SUBSCRIBED BEFORE ME
THIS 17th DAY OF APRIL, 2014 AT
WEST PALM BEACH, FLORIDA.

_____
HON. DAVE LEE BRANNON
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-8165-DLB

UNITED STATES OF AMERICA

vs.

ERIC ROCA,

        **Defendant.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?
   ____ Yes   __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?
   ____ Yes   __X__ No

                                  Respectfully submitted,

                                  WIFREDO A. FERRER
                                  UNITED STATES ATTORNEY

BY: _____
            Susan R. Osborne
            Assistant United States Attorney
            Court No. A5500797
            500 South Australian Ave, Suite 400
            West Palm Beach, Florida 33401
            TEL (561) 209-1003